IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>BROWNSVILLE GENERAL<br>HOSPITAL, INC.,<br>　　　　　Debtor. | Bankruptcy No. 06-20253-MBM |
| Robert S. Bernstein, as Plan<br>Administrator for Brownsville General<br>Hospital, Inc.,<br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>Brownsville Property Corporation,<br>Inc., and Brownsville Health Services<br>Corporation,<br>　　　　　Defendants. | Chapter 11<br><br>Adversary No. 07-2399-MBM |

## MEMORANDUM AND ORDER OF COURT

**AND NOW,** this **29th day** of **October, 2008**, upon consideration of the above-captioned parties' respective motions for summary judgment in the instant fraudulent conveyance action;

and in light of the Court's Memorandum and Order of Court dated November 2, 2007, that was entered in the instant adversary proceeding (hereafter "the November 2, 2007 Court Order"), as well as the Court's Memorandum and Order of Court dated January 17, 2008, that was entered in a companion adversary proceeding that involves essentially the same parties (Adversary Proceeding 06-2666) (hereafter "the January 17, 2008 Court Order");

and utilizing defined terms as set forth in either the November 2, 2007 Court Order or the January 17, 2008 Court Order;

and after notice and a hearing on the two summary judgment motions, which hearing was held on October 20, 2008,

it is **hereby ORDERED, ADJUDGED, AND DECREED** that both parties' summary judgment motions are **DENIED WITH PREJUDICE**. The rationale for the Court's decision is briefly set forth below.

I.

The Defendants contend that they are entitled to summary judgment, in part, because, according to the Defendants, the Hospital Realty cannot properly be the subject of Bernstein's fraudulent conveyance action. The Court denies the Defendants' summary judgment motion to the extent that it is grounded upon such position because the Court, in turn, contrarily holds that (a) the Hospital Realty can be the subject of such fraudulent conveyance action, (b) the Realty Conveyance (i.e., the conveyance to one or more of the Defendants of the Hospital Realty) consequently can *potentially* be avoided as a fraudulent conveyance, and (c) the Hospital Realty, if the Realty Conveyance is so avoided, can be liquidated in bankruptcy to pay the claims of general creditors in the instant bankruptcy case. The Court holds as it does for several reasons.

First, the Court concludes that, from the perspective of BGHI pre-Hospital Reorganization alone, the Hospital Realty (a) does not constitute property committed to a charitable purpose within the meaning of 15 Pa.C.S.A. § 5547(b), and (b) consequently can be the subject of Bernstein's fraudulent conveyance action. The Court concludes that the Hospital Realty does not constitute

2

§ 5547(b) property because, although such property was granted to BGHI pre-Hospital Reorganization, there was no particular object for which it was so granted – BGHI pre-Hospital Reorganization purchased the Hospital Realty for $20,000 cash and, as the deed effectuating such grant evidences, no use restriction of any sort was attached to such grant.

Second, the Court now understands the Defendants to argue that the Hospital Realty (a) constitutes § 5547(b) property by virtue of a use restriction contained within a lease from the Defendants of the Hospital Realty back to the Debtor as part of the Hospital Reorganization (hereafter "the Lease"), and (b) consequently cannot be the subject of Bernstein's fraudulent conveyance action. Unfortunately for the Defendants, such argument can only succeed if the prior Realty Conveyance to the Defendants, which conveyance constitutes the subject of the instant fraudulent conveyance action, is not successfully avoided via such action; if the prior Realty Conveyance is successfully avoided by Bernstein, then the Lease, along with its concomitant use restriction, will necessarily be null and void. As a consequence, the Lease and its concomitant use restriction are not of any help to the Defendants in their defense of the instant fraudulent conveyance action.

The Court also understands the Defendants to argue that (a) it was BGHI pre-Hospital Reorganization, in contrast to the Debtor (i.e., BGHI post-Hospital Reorganization), that actually conveyed the Hospital Realty to the Defendants via the Realty Conveyance, (b) the Debtor never owned the Hospital Realty prior to the Hospital Reorganization, and (c) the only way that the Debtor could have

3

ever obtained possession of the Hospital Realty is by virtue of the Lease. The basis for the foregoing position of the Defendants is that BGHI pre- and post-Hospital Reorganization are legally distinct entities; as an aside, if the Defendants are so correct, then Bernstein, because he stands only in the shoes of the Debtor (i.e., BGHI post-Hospital Reorganization), would lack standing to even prosecute the instant fraudulent conveyance action (given that such action seeks to avoid the Realty Conveyance from BGHI pre-Hospital Reorganization to the Defendants). Unfortunately for the Defendants, the Court has already ruled, in the January 17, 2008 Court Order, that BGHI pre- and post-Hospital Reorganization *are not legally distinct*, and that both actually constitute the Debtor. As a consequence of the foregoing, (a) it was the Debtor that actually conveyed the Hospital Realty to the Defendants via the Realty Conveyance, (b) the Debtor owned the Hospital Realty prior to the Hospital Reorganization, (c) it is untrue that the Debtor could only have obtained possession of the Hospital Realty by virtue of the Lease, and (d) the Court is compelled to rule as it does that the Lease and its concomitant use restriction are not of any help to the Defendants in their defense of the instant fraudulent conveyance action.

Third, the Court now understands the Defendants to argue that the Hospital Realty (a) constitutes § 5547(b) property by virtue of the Orphans Court Decision and particular use restrictive language contained therein, and (b) consequently cannot be the subject of Bernstein's fraudulent conveyance action. Unfortunately for the Defendants, such argument, as is the case with respect to the Defendants' position predicated upon the Lease and its concomitant use

4

restriction, can only succeed if the prior Realty Conveyance to the Defendants is not successfully avoided via Bernstein's fraudulent conveyance action; if the prior Realty Conveyance is successfully avoided by Bernstein, then that portion of the Orphans Court Decision that approved the Realty Conveyance and restricted the usage of the Hospital Realty will necessarily be invalidated. In so ruling, the Court reminds the Defendants that it has already ruled, in the November 2, 2007 Court Order, that the Orphans Court Decision does not operate, by virtue of either the Rooker-Feldman doctrine or the doctrine of collateral estoppel, to preclude Bernstein from prosecuting his fraudulent conveyance action; therefore, the Orphans Court Decision has no binding effect upon Bernstein to the extent that it in any way impacts upon his prosecution of the instant fraudulent conveyance action. As a consequence, the Orphans Court Decision and the particular use restrictive language contained therein are not of any help to the Defendants in their defense of the instant fraudulent conveyance action.

Fourth, the Court rejects the Defendants' argument that a dissolution provision in the bylaws of the Debtor operates to shield the Hospital Realty from the reach of creditors so that such property cannot be the subject of Bernstein's fraudulent conveyance action. Such provision says nothing more than that "[u]pon the dissolution of the ... [Debtor], all remaining property of the ... [Debtor] shall be transferred and delivered to a non-profit organization created and operated for purposes similar to those of the ... [Debtor]." Unfortunately for the Debtor, numerous relevant Pennsylvania statutory provisions that pertain to the

dissolution of a non-profit entity make clear that such dissolution, at least with respect to a Pennsylvania non-profit entity, only occurs after non-§ 5547(b) assets of such non-profit entity have first been utilized to satisfy existing creditor claims against such entity. Therefore, such dissolution provision in said bylaws does not operate to shield the Hospital Realty from the reach of creditors.

In light of the foregoing, (a) the Hospital Realty can be the subject of Bernstein's fraudulent conveyance action, (b) the Realty Conveyance consequently can *potentially* be avoided as a fraudulent conveyance, and (c) the Hospital Realty, if the Realty Conveyance is so avoided, can be liquidated to pay the claims of general creditors in the instant bankruptcy case. Therefore, the Court shall deny the Defendants' summary judgment motion to the extent that it is predicated upon their position that the Hospital Realty cannot properly be the subject of Bernstein's fraudulent conveyance action.

## II.

Although the Court agrees with Bernstein, as a matter of law, that (a) the Hospital Realty can be the subject of Bernstein's fraudulent conveyance action, (b) the Realty Conveyance consequently can *potentially* be avoided as a fraudulent conveyance, and (c) the Hospital Realty, if the Realty Conveyance is so avoided, can be liquidated to pay the claims of general creditors in the instant bankruptcy case, the Court shall deny Bernstein's summary judgment motion. The Court so rules because the Court concludes that genuine disputes remain regarding the issues of reasonably equivalent value and insolvency. However,

because the Court concludes that such disputes remain, it shall deny the Defendants' summary judgment motion as well to the extent that the same is grounded in the Defendants' position that they are entitled to a judgment in their favor as a matter of law regarding the issues of reasonably equivalent value and insolvency.

Although the Court finds that genuine disputes remain regarding the issues of reasonably equivalent value and insolvency, the Court can, and does, rule at this time, as a matter of law, that:

(a) none of the Orphans Court's rulings that were made subsequent to, or during, the Orphans Court Proceeding will have any binding effect upon whether the Realty Conveyance constitutes a fraudulent conveyance or, more particularly, upon the outcome of the issues of reasonably equivalent value and insolvency – the foregoing necessarily follows because, as has been set forth in detail elsewhere, the Orphans Court Decision is not entitled to preclusive effect via either the Rooker-Feldman doctrine or the doctrine of collateral estoppel;

(b) any ruling that might have been made by the Orphans Court, therefore, can only constitute mere evidence regarding the issues of the existence of a fraudulent conveyance, reasonably equivalent value, and/or insolvency;

(c) the Orphans Court *did not*, simply by virtue of its approval of the division of the Debtor that ultimately resulted in the Realty Conveyance, make a finding that such conveyance was not fraudulent and that reasonably equivalent value was given in exchange for such conveyance – in so

7

holding, the Court holds, as a matter of law (and contrary to what the Defendants argue), that 15 Pa.C.S.A. § 5957(b)(1)(iv) & (v) does not dictate that a state court make such finding or findings before such court approves of a division; and

(d) the Orphans Court *did not*, simply by virtue of its approval of the division of the Debtor that ultimately resulted in the Realty Conveyance, make a finding that the Debtor was solvent at the time of, and that the Debtor would remain solvent subsequent to, such conveyance – in so holding, the Court rejects the Defendants' position that the Orphans Court, by virtue of 15 Pa.C.S.A. § 5952(e), necessarily must have made such finding in the course of approving of such division; the Court so rules because it is entirely possible, given certain other contrary findings of the Orphans Court and contrary testimony that was given in front of such court, that such court either was unaware of § 5952(e) or misinterpreted the apparent dictate of such statutory provision.

### III.

For all of the reasons stated above, the Court **DENIES WITH PREJUDICE** both parties' summary judgment motions.

BY THE COURT

_____
M. BRUCE McCULLOUGH,
U.S. Bankruptcy Judge

FILED
OCT 29 2008
CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA

8

AO 72A

copies to:

Lawrence C. Bolla, Esq.
John P. Vettica, Esq.
Robert S. Bernstein, Esq.
T. Lawrence Palmer, Esq.
(To be served electronically)



OCT 29 2008

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA

AO 72A